608

**Lazaro Santa Cruz ARROYO; Maria Obdulia Silva–Gama, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72119.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Lazaro Santa Cruz Arroyo, Santa Ana, CA, pro se.

Maria Obdulia Silva–Gama, Santa Ana, CA, pro se.

Kurt B. Larson, Esquire, OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel De-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Lazaro Santa Cruz Arroyo and Maria Obdulia Silva–Gama, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

■ Petitioners' contentions that the agency deprived them of due process by misapplying the law to the facts of their case and by disregarding their evidence of hardship are not supported by the record and therefore do not state a colorable due process claim. *See id.* ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

The agency's determination that petitioners failed to establish hardship is dispositive of their cancellation of removal

claims, so it was unnecessary for the BIA to address petitioners' arguments regarding continuous physical presence. Petitioners therefore failed to show a due process violation by the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process violation to prevail on a due process claim).

■ Petitioners contend that the IJ violated his due process rights by relying on article not admitted into evidence. Contrary to petitioners' contention, the IJ properly relied instead on the fact that petitioners failed to introduce evidence establishing a lack of special education throughout Mexico. *Id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

